**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------
IN RE:

                                                           Bk. No. 17-11739

       **LaFlamme's, Inc.,**                                     **Chapter 11**

                                    **Debtor.**
-----------------------------------------------------------------------

## MOTION FOR USE OF CASH COLLATERAL PURSUANT
## TO 11 U.S.C.  SECTION 363(c)(2)

        The Debtor, by and through its attorneys, DeLorenzo, Grasso & Dalmata, LLC, Richard H. Weiskopf, Esq., of counsel, for its motion respectfully states:

        1.     That the debtor filed its application for relief before this court on the 20th day of September, 2017 and was assigned the case number noted above. Debtor is a debtor in possession.

        2.     On the morning following the filing of the case, Debtor's counsel reached out to the two secured creditors in inventory to establish a cash collateral stipulation. Despite the urgency of the matter, creditors' counsel or representatives did not get back to debtor's attorney until Friday of that week and a conversation was not held between the parties until the ensuing Tuesday.

        3.     Debtor insisted upon paying to the creditors, interest only during the administration of the proceeding with a trigger for inventory fluctuations in the ongoing conduct of its retail sales business.

        4.     Ultimately, creditors' counsel put together a cash collateral stipulation which after several iterations and comments by the United States Trustee was ordered on the 11th day of October, 2017 (docket # 19). The stipulation entered into was due to expire on the 6th day of

November, 2017, 30 days after the stipulation was agreed upon. Prior to the 6th day of November, 2017, Debtor's counsel provided to the attorney for People's United Bank ("People's") a proposed format for a stipulation extending the automatic stay since it was unnecessary for a new stay application to be undertaken. The attorney for People's acknowledged receipt of the stipulation and attorney for the debtor was awaiting receipt of the stipulation to continue the automatic stay. Despite the discussions to extend the stay and the proffering of a proposed stipulation as a means for doing so, the secured creditor filed a motion to dismiss on the 8th day of November, 2017 for many reasons, amongst which was the failure of the continuation of the cash collateral stipulation.

5.      Since it is apparent that the secured creditors do not consent to the use of cash collateral as reflected in the original stipulation in accordance with 11 U.S.C. Section 363(c)(2)(A), it is necessary for the court to hear and determine the issue of use of cash collateral.

6.      The debtor is in the retail business of selling furniture and moves collateral on a daily basis from two retail locations.

7.      As of November 8th, the retail inventory cost was $313,428.31 with a retail selling price of $596,650.16. From those numbers there should be reduced $84,000 which is a historical number not in inventory, that has been present in the inventory for a period well before the filing of the Chapter 11 bankruptcy proceeding and which continues post-petition.

8.      Inventory amounts are consistent with the inventory numbers that existed on the date of filing.

9.      There are also purchase money security interest on floor plan claims against the inventory numbers which at the present time amount to approximately $30,000.

10.      Debtor has been acquiring new inventory from retail sales as he must do to keep the premises stocked and to have available inventory for marketing purposes and sale. Debtor

intends to keep the inventory numbers consistent as they have been since the date of filing this petition.

11.     It is apparent that the creditors' claims against inventory, People's United Bank and Heritage Family Credit Union, are under-secured and, if People's United Bank is in first position, it is in a more stable collateral position than the second lender whose debt is unsecured. Heritage Family Credit Union should only be receiving interest at best as its position is generally unsecured.

12.     It is necessary for this court to fashion the payments that should be made from the cash proceeds to the lenders during the administration of this case in order for the debtor to continue to function and operate as a business entity. The failure of the lender to continue the cash collateral agreement that was in place is detrimentally impacting the business operation of the debtor and will force the debtor out of business. The debtor has a viable business operation and should not be forced to terminate its business operation because of the intransigence of the debtor's secured lenders.

**WHEREFORE**, it is respectfully requested that the relief sought in the accompanying notice of hearing be granted in all respects and debtor be permitted to use cash collateral going forward together with such other and further relief as may appear just and proper in the premises.

Dated:  November 13, 2017          */S/Richard H. Weiskopf*_____
                                   Richard H. Weiskopf, Esq.
                                   DeLorenzo, Grasso & Dalmata, LLC
                                   Attorneys for Debtors(s)
                                   670 Franklin Street, Suite 100
                                   Schenectady, NY, 12305
                                   Telephone: (518) 374-8450