UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
In re:                                                              **Chapter 7**
                                                                    **Case No. 17-11739**
    LAFLAMME'S INC.,
                          Debtor.
---------------------------------------------------------------

**TRUSTEE'S OMNIBUS MOTION FOR:
(I) ORDERALLOWING CONDUCT OF APARTMENT RENTAL BUSINESS
PURSUANT TO 11 U.S.C. §721; (II) ALLOWING RETENTION OF AUCTIONEER TO
SELL REAL PROPERTY; (III) AUTHORIZING SALE OF REAL PROPERTY BY
AUCTION SALE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363 (f) (2)
and (4); (IV) ALLOWING RETENTION OF AUCTIONEER TO SELL INVENTORY,
FIXTURES AND EQUIPMENT OF RETAIL STORE LOCATIONS; (V)
AUTHORIZING AUCTION SALE OF INVENTORY, FIXTURES AND EQUIPMENT
FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363 (f) (2); OR, IN THE
ALTERNATIVE, (VI) ABANDONMENT OF REAL PROPERTY, INVENTORY,
FIXTURES AND EQUIPMENT PURSUANT TO 11 U.S.C. § 544**

Chapter 7 Trustee Paul A. Levine, Esq., through his attorneys Lemery Greisler LLC, respectfully moves the Court for an order granting the following relief: (i) allowing the conduct of apartment rental business pursuant to 11 U.S.C. §721; (ii) allowing the retention of auctioneer to sell real property; (iii) authorizing the sale of real property by auction sale free and clear of liens pursuant to 11 U.S.C. § 363 (f) (2) and (4); (iv) allowing retention of auctioneer to sell inventory, fixtures and equipment of retail store locations; (v) authorizing auction sale of inventory, fixtures and equipment free and clear of liens pursuant to 11 U.S.C. § 363 (f) (2); or, in the alternative, (vi) abandonment of real property, inventory, fixtures and equipment pursuant to 11 U.S.C. § 544 (the "Motion"), and in support of his Motion states as follows:

1

**Background**

1.  Debtor LaFlamme's Inc. filed a voluntarily petition for relief under Chapter 11 of the United States Bankruptcy Code on September 19, 2017. The case was converted to one under Chapter 7 of the Code on January 10, 2018.

2.  Paul A. Levine is the duly serving interim Chapter 7 trustee (the meeting of creditors has not yet occurred).

3.  The Debtor operated two retail furniture stores out of leased locations in Rutland and Bennington, Vermont.

4.  The Bennington location, even though it is listed in the Debtor's Schedule "A" is in fact owned by an affiliate of the Debtor, West Shore Management, LLC.

5.  In its Schedule "A", the Debtor also listed ownership of certain rental real property in Granville, New York, with an address of 9140 State Route 22 (the "Property").

6.  The Trustee has met with the Debtor's principal and has otherwise investigated the status of the Property.

7.  The Property is a six unit apartment building which is fully occupied. The total rent roll is $5,250 per month. Not all of the rents are current.

8.  After an inspection by the carrier, the insurance on the Property is being cancelled effective, January 29, 2018. While the agent is searching for replacement coverage, the only replacement coverage requires premium financing.

9.  There is no equity in the Property to protect with insurance coverage. The only consideration is for liability coverage. The Trustee is considering his options in such regard in light

of the fact that the estate currently has very limited funds ($600) and funds are needed to hedge against maintenance, plowing and other expenses at the Property.

10. By any measure, the Property is over encumbered by the mortgage lien of People's United Bank, N.A. (the "Bank"). The Bank has three loans which total $1,038,954.39, as of the Chapter 11 Petition date. Each loan is cross collateralized on the Property, Debtor's inventory and personal property, and on the building from which the Debtor operated in Bennington, Vermont which is owned by an affiliated entity.

11. The Property is also encumbered by the judgment lien of 87 Quaker Street, L.P. in the approximate amount of $61,344.66, with interest. The judgment lien is, however, void as it was filed on September 20, 2017, one day after the petition was filed. In any event, the Property can sold free and clear of liens pursuant to 11 U.S.C. 363 (f) (4) as it is in bona fide dispute.

12. The Property is also encumbered by a judgment lien in favor of the New York State Department of Labor in the amount of $393.01. The lien will be paid in full from the proceeds of sale at closing.

13. Normally, the Trustee would simply abandon the Property but the Bank has agreed to a carve-out to the estate of the net amount of $12,500.00 to be paid from the gross sale proceeds, with the Bank retaining the right to credit bid at any auction conducted by the Trustee of the Property. Should the Bank credit bid, the carve-out will be paid at the time title transfers.

14. The Trustee, with the Court and secured creditor's consent, intends to retain Collar City Auctions Realty & Management, LLC ("CCAR") as auctioneer to sell the Property free and clear of liens, with liens to attach to proceeds net of the agreed upon carve-out. CCAR has already

inspected the Property and proposed an auction schedule.

15.  The Trustee has also investigated the status of the Debtor's inventory, fixtures and equipment. These assets have been inspected by representatives of Thomas Hirchak Company ("Hirchak"), a well-known and respected auction company located in Morrisville, Vermont.1

16.  It is estimated that the assets will bring no more than $75,000 in gross sale proceeds.

17.  The Bank has the first priority blanket lien on the Debtor's personal property including inventory, fixtures and equipment.

18.  Heritage Family Federal Credit Union and Avid Capital, LLC have junior priority liens on the Debtor's personal property.

19.  Given the size of the Bank's claim, there is no possibility that the proceeds will reach a level where junior lienors will be paid any portion of their secured claims. The junior lienors have consented to the sale.

20.  The Bank has agreed to a carve-out to the estate of $10,000 from the gross sale proceeds.

**Operation of the Property During the Sale Process**

21.  Bankruptcy Code § 721 allows the Court to "authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate."

22.  As set forth above, the Trustee believes that managing the Property while it is sold

---

1 The Trustee serves as the Chapter 7 conflict trustee in the District of Vermont and, as a result, has become familiar with the proposed auctioneer, its reputation and its experience with auctions of the type proposed in this Motion.

4

will benefit the estate by producing a net carve-out of $12,500.

23. During the sale process, the Bank has agreed to advance as a protective advance pursuant to its mortgage on the Property to provide fuel to the Property to keep the pipes from freezing, and to make necessary repairs, if needed, to the furnace to prevent a freeze up. The Bank has agreed that the rents for the Property that are assigned to the Bank as additional collateral, can be collected and retained by the Trustee to address other emergency situations at the Property. Any rents remaining after the Property is sold and expenses for the Property incurred by the Trustee paid, shall be paid by the Trustee to the Bank and applied to the Bank debt.

24. As the property insurance has lapsed, the Bank has advised the Trustee that it has placed the Property on forced placed insurance. The Bank's interest is protected by forced place insurance coverage.

25. The estate, however, will be unprotected once the current coverage lapses on January 29th and if the Trustee does not obtain replacement coverage. But, since the estate currently only has nominal funds on hand and it will be some time before the estate is likely to have funds beyond nominal amounts, the Trustee does not consider the risk unreasonable.

26. To the extent reasonably possible, the Trustee will collect rents, arrange for fuel delivery, arrange for snow plowing and arrange for emergency repairs and maintenance.

## Auction Sale of Real Property

27. The Trustee respectfully requests an order of the Court pursuant to 11 U.S.C. §363 (f) (2) and (4) allowing the Trustee to conduct an auction sale of the Property.

28. The Trustee does not have funds or other ability during the time it would require to

market the Property using a realtor.

29. Given the carve-out agreement with the Bank, Trustee believes that an auction sale is the best means for the estate to any money from a sale of the Property. The alternative is abandonment.

30. CCAR is a local and respected auction house and is familiar to the Bankruptcy Court, with experience in commercial auctions of the type involved in this case.

31. Accompanying this motion is the affidavit of Randy Passonno, licensed and bonded auctioneer in support of the trustee's motion.

32. Attached hereto as Exhibit "A" to Mr. Passonno's affidavit is a true and accurate copy of the auctioneer's bond.

33. The Trustee wishes to retain Collar City Auctions & Realty, Inc. pursuant to 11 U.S.C. § 327 and Local Rule 6005-1 to assist the trustee in an auction sale of the Property.

34. There is no arrangement between the Trustee and the proposed auctioneer for a retainer. The fee for auction services is to be based upon a 10% buyer's premium with no other compensation. Expense reimbursement will be limited to $3,000 and will be paid directly by the secured lender. In the Trustee's considerable experience with auctions for his lender clients, he can represent to the Court that compensation limited to a buyer's premium is common in the industry and does not, in the Trustee's view, chill bidding.

35. CCAR is experienced, qualified and competent to conduct the auction sale and is licensed in the State of New York.

36. To the best of the Trustee's knowledge, the auctioneer has no connection with any

6

parties in interest or their attorneys or accountants, or the United States Trustee or any of his employees. Nor does the auctioneer have any interest adverse to the estate that would disqualify it from employment and is otherwise disinterested.

37. The auctioneer is willing to except such employment and conduct the sale of the Property for compensation set forth herein and to be approved by the Court.

38. The auctioneer is aware of the provisions of 11 U.S.C. §328 and Local Rule 6005-1 and has agreed, notwithstanding the terms and conditions of employment set forth therein, that the Court may allow compensation different than compensation provided therein if such terms and conditions prove to be improvident in light of developments which are unanticipated at the time of the fixing of the terms and conditions.

### Auction Sale of Inventory, Fixtures and Equipment

39. The Trustee respectfully requests an order of the Court pursuant to 11 U.S.C. §363 (f)(2) allowing the Trustee to conduct an auction sale of the Debtor's inventory, fixtures and equipment as well as a box truck. The box truck is unencumbered.

40. Given the carve-out agreement with the Bank, Trustee believes that an auction sale is the best means for the estate to any money from a sale of these assets. The alternative is abandonment.

41. The Trustee proposes to retain Hirchak to conduct the auction sale.

42. The is firm is a local and respected auction house and is familiar to the Bankruptcy Court in Vermont, with experience in commercial auctions of the type involved in this case.

43. Accompanying this motion is the affidavit of Thomas Hirchak, licensed and bonded

auctioneer in support of the trustee's motion.

44. Attached hereto as Exhibit "A" to Mr. Hirchak's affidavit is a true and accurate copy of the auctioneer's bond.

45. The Trustee wishes to retain Hirchak pursuant to 11 U.S.C. § 327 and Local Rule 6005-1 to assist the trustee in an auction sale of the debtors' property.

46. There is no arrangement between the Trustee and the proposed auctioneer for a retainer. The fee for auction services is to be based upon the Local Rule 6005-1 and it is not anticipated that the gross sale proceeds will exceed $100,000.

47. Hirchak is experienced, qualified and competent to conduct the auction sale and is licensed in the State of Vermont.

48. To the best of the Trustee's knowledge, the auctioneer has no connection with any parties in interest or their attorneys or accountants, or the United States Trustee or any of his employees. Nor does the auctioneer have any interest adverse to the estate that would disqualify it from employment and is otherwise disinterested.

49. The auctioneer is willing to except such employment and conduct the sale for compensation set forth herein and to be approved by the Court.

50. The auctioneer is aware of the provisions of 11 U.S.C. §328 and Local Rule 6005-1 and has agreed, notwithstanding the terms and conditions of employment set forth therein, that the Court may allow compensation different than compensation provided therein if such terms and conditions prove to be improvident in light of developments which are unanticipated at the time of the fixing of the terms and conditions.

8

### REQUEST FOR COURT APPROVAL FOR BIDS ON OR SHORTLY AFTER THE DAY OF THE AUCTION SALE

51. Inasmuch as this matter involves auction sales, it is respectfully requested that the Trustee be allowed to finalize the sales conducted by the auctioneers in his best business judgment. It is respectfully submitted that such relief would aid the efficient liquidation of estate assets to the benefit of the estate and its creditors.

### ALTERNATIVE RELIEF OF ABANDONMENT

52. Absent the requested relief, the Trustee seeks immediate abandonment of the Property under Code § 554 (a) as burdensome to the estate and of inconsequential value.

Document      Page 10 of 10

WHEREFORE it is respectfully requested that the Court grant the Trustee's motion to: (i) allow the conduct of apartment rental business pursuant to 11 U.S.C. §721; (ii) allow the retention of auctioneer to sell real property; (iii) authorize the sale of real property by auction sale free and clear of liens pursuant to 11 U.S.C. § 363 (f) (2) and (4); (iv) allow retention of auctioneer to sell inventory, fixtures and equipment of retail store locations; (v) authorize auction sale of inventory, fixtures and equipment free and clear of liens pursuant to 11 U.S.C. § 363 (f) (2); or, in the alternative, (vi) allow the abandonment of real property, inventory, fixtures and equipment pursuant to 11 U.S.C. § 544; and (vii) and grant such other and further relief as may be just, necessary and proper.

Dated: January 31, 2018

        Respectfully submitted,

        /s/Paul A. Levine
        Paul A. Levine, Esq.
        Chapter 7 Trustee
        LEMERY GREISLER LLC
        50 Beaver Street
        Albany, New York 12207
        (518) 433-8800